IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action |
| ) | No. 07-03075-01-CR-S-DW |
| BRETT PATRICK KENT, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. This matter comes before the Court on Defendant's Motion to Dismiss the cause of action on the grounds that 18 U.S.C. § 2252A(a)(5)(B)[1] is unconstitutional because there is an insufficient nexus to federal jurisdiction.

Defendant acknowledges that the Eighth Circuit has spoken on this issue, and has upheld the constitutionality of 18 U.S.C. § 2252A as it relates to interstate commerce. It is his position, however, that the United States Supreme Court has not made a similar ruling. He contends that a strong argument can be made that defendant's actions did not substantially affect interstate commerce. Defendant contends that his case lacks evidence that he had more than a passing knowledge of the purpose of contents acquired through interstate commerce and evidence that his knowledge was part of a plan that substantially affected interstate commerce.

---

[1] The Court takes notice that this is the correct citation for the challenged statute.

1

Case 6:07-cr-03075-DW   Document 30   Filed 01/07/08   Page 1 of 4

Defendant has been charged with six counts of sexually exploiting a minor to produce child pornography in violation of 18 U.S.C. § 2251(a) and (e), and two counts of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5) &(b)(2). He has only challenged the constitutionality of a portion of §2252A, although the government contends in its response that § 2251(a) is also constitutional for the same reasons suggested for § 2252A(a)(5). That section prohibits knowingly possessing "any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate commerce by any means, including by computer. . . ."

The government relies on Eighth Circuit law upholding the jurisdictional basis of federal child pornography statutes. E.g., United States v. Bausch, 140 F.3d 739, 741 (8th Cir. 1998); United States v. Hoggard, 254 F.3d 744, 746 (8th Cir. 2001); United States v. Hampton, 260 F.3d 832, 834-35 (8th Cir. 2001). The government asserts that it expects the evidence to be that defendant possessed child pornography that was produced using a camera that he ordered on the Internet and received from Connecticut, and that he then stored the images on a computer with a hard drive made outside of Missouri. He is also charged with possessing other child pornography that he stored on computer disks made in Taiwan and Japan.

In Bausch, the Eighth Circuit held that § 2252(a)(4)(B), a section very similar to § 2252A(a)(5)(B), was not facially unconstitutional, and that it contained "an express jurisdictional element requiring the transport in interstate or foreign commerce of the visual depictions or the materials used to produce them." 140 F.3d at 741. In Hampton, the Court held that "Bausch

2

continues to control the constitutionality of federal criminalization of child pornography produced with materials that have traveled in interstate commerce. . . ." 260 F.3d at 834-35.

Although defendant points out that the Supreme Court has not decided the constitutionality of § 2252A, the government asserts that the Court has recently addressed the topic of interstate commerce in the context of the federal Controlled Substances Act. In Gonzales v. Raich, 545 U.S. 1 (2005), the Supreme Court reiterated that the Commerce Clause permits regulation of "purely local activities that are a part of an economic 'class of activities' that have a substantial effect on interstate commerce." Id. at 17 (citation omitted). Raich resulted in the remand of a child pornography case from the Eleventh Circuit, where that court then held that § 2252A is a valid exercise of congressional authority. United States v. Maxwell, 446 F.3d 1210 (11th Cir.), cert. denied 127 S.Ct. 705 (2006). The reasoning in Raich has also been applied in cases from the Fourth and Tenth Circuit involving the production and possession of child pornography.

Upon review of the arguments set forth and applicable case law, the Court agrees with the government's contention that defendant's Motion to Dismiss should be denied. Despite defendant's arguments for a different result, the Eighth Circuit has found that where materials that have traveled in interstate commerce are used to produce or possess child pornography, there is a sufficient interstate connection to survive a constitutional challenge. Based on controlling precedent from the Eighth Circuit, and the government's representations regarding what it expects the evidence to be, the Court finds that the Motion to Dismiss should be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

3

RECOMMENDED that Defendant's Motion to Dismiss be denied.

       /s/ James C. England
      JAMES C. ENGLAND, Chief
      United States Magistrate

Date: 01/07/08